**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4688-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALAMEEN F. ADAMS,

    Defendant-Appellant.

_____

Submitted June 4, 2018 — Decided June 15, 2018

Before Judges Sabatino and Firko.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-07-1735.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jenny M. Hsu, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

    Defendant Alameen F. Adams appeals the trial court's February 14, 2017 order denying his motion for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

After a jury trial in 2011, defendant was found guilty of murder, first-degree robbery, and other offenses. The court sentenced him to a thirty-five-year custodial term on the murder count with a thirty-year parole disqualifier, along with other concurrent sentences. In March 2013, we issued an unpublished opinion affirming defendant's convictions and sentence, rejecting arguments different from the ones he now makes in the present PCR appeal. State v. Adams, No. A-0727-11 (App. Div. Mar. 26, 2013). The Supreme Court denied defendant's petition for certification. State v. Adams, 216 N.J. 7 (2013).

As described in our prior opinion, this homicide concerned the shooting of the victim, Ian Morris (also known as "Steve"), in an apartment building in East Orange. The State's proofs showed that defendant and two other individuals named Michael Potts and Abdul Simpkins had been on the nearby street on March 24, 2010. Potts was looking for someone to sell him marijuana. Simpkins, a friend of Potts, suggested that he could ask his supplier, Morris, who lived down the street, to sell Potts the drugs. Defendant approached Simpkins and Potts and conversed with Simpkins out of Potts' earshot.

Defendant, Simpkins, and Potts then went to Morris' residence. A surveillance camera showed that defendant entered the building with Morris at 5:47 p.m. and left the building nine

minutes later at 5:56 p.m. Around 6:00 p.m., Morris was found dead in the fifth-floor stairwell with a single gunshot wound to his head. There were no eyewitnesses to the actual shooting, although Potts described defendant's jacket as having a noticeable bulge in the stomach area, as if he seemed to be trying to hide something. No gun was ever recovered or any forensic evidence tying defendant to the shooting.

On direct appeal, defendant argued that the jury was tainted because they may have overheard defense counsel's discussion about trial strategy in the courthouse hallway. He also argued that the court should have charged the jury on the defense of voluntary intoxication. We rejected both of those points. State v. Adams, No. A-0727-11, slip op. at 5-11.

In his present PCR petition, defendant contends that his trial attorney was ineffective in not arguing a theory of third-party guilt. Defendant claims in this regard that his counsel should have invoked the excited utterance hearsay exception, N.J.R.E. 803(c)(2), to attempt to get admitted a statement that the decedent allegedly made to his friend Kelly Weekes an unspecified number of days before the shooting. In that statement, the decedent, allegedly in an excited fashion, told Weekes that a "Dominican" person had pulled a gun on him, that he was "pissed off" that it had occurred, and that the Dominican would not get

away with it. After conducting a <u>Rule</u> 104 hearing, the trial judge decided this hearsay statement was too unreliable to be presented to the jury.

After considering the arguments presented in defendant's PCR petition, Judge Marysol Rosero rejected defendant's claims and found no necessity for an evidentiary hearing. She concluded that the excited utterance rule requires that the utterance be made "without an opportunity to deliberate or fabricate." <u>See</u> N.J.R.E. 803(c)(2). Because of the unspecified time interval between the statement and the operative events, Judge Rosero ruled that such an argument for admissibility, even if it had been made, would have been unavailing. Judge Rosero also agreed with the trial judge that, even if the hearsay problem somehow could be surmounted, the alleged statement was not reliable. Defendant now contests the judge's analysis.

On appeal, defendant raises the following sole point for our consideration:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO ESTABLISH THIRD-PARTY GUILT PURSUANT TO THE EXCITED UTTERANCE EXCEPTION TO THE HEARSAY RULE.

Our review of this PCR appeal is guided by well-established principles. Under the Sixth Amendment of the United States

A-4688-16T2

Constitution, a person accused of crimes is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Ibid.; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963), overruled on other grounds by, State v. Czachor, 82 N.J. 392 (1980)).

In order to obtain an evidentiary hearing on a PCR application based upon ineffective assistance claims, a defendant must make a prima facie showing of deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 462-64 (1992). "When determining the propriety of conducting an evidentiary hearing, the PCR court should view the facts in the light most favorable to the

defendant." State v. Jones, 219 N.J. 298, 311 (2014) (citing State v. Marshall, 148 N.J. 89, 158 (1997)); see also Preciose, 129 N.J. at 462-63.

We have considered defendant's appeal in light of these legal standards and the record. Having done so, we affirm the trial court's dismissal of defendant's PCR petition, substantially for the cogent reasons set forth in Judge Rosero's February 14, 2017 oral opinion. We only add a few amplifying comments.

We fully agree with Judge Rosero that the victim's alleged statement to Weekes about the alleged prior incident with the Dominican was not an admissible excited utterance. The victim appears to have had an opportunity to deliberate or fabricate before making the statement. See, e.g., State v. Cotto, 182 N.J. 316, 323-29 (2005) (ruling that a time interval of thirty-five to forty-five minutes was too lengthy in the context provided to meet the requirements of the rule). Moreover, we agree with the court that the probative value of the statement was minimal at best.

Moreover, given the timing of defendant entering the building with the victim and hurriedly leaving ten minutes later, the jury reasonably made a circumstantial inference that defendant was the victim's shooter. Although defendant argues that one of the other people, such as Potts or Simpkins, might have been the trigger person, or that some unidentified third party in the area might

have entered the building without being caught on camera, that claim is highly speculative.

We accordingly concur with Judge Rosero that defendant failed to present a prima facie case of ineffectiveness of his former trial counsel. Because of that failure, an evidentiary hearing on defendant's petition was unnecessary. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4688-16T2